**A. ARENA & CO., Limited, v. UNITED STATES.**

No. 12681–Y.

United States District Court,
S. D. California, C. D.
Feb. 13, 1952.

Moss, Lyon & Dunn, by George C. Lyon, Los Angeles, Cal., for plaintiff.

Walter S. Binns, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., and Eugene Harpole and Frank W. Mahoney, Special Attys. Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

YANKWICH, Chief Judge.

The above-entitled cause, heretofore tried, argued and submitted, is now decided as follows:

Judgment will be for the defendant that the plaintiff take nothing by the Complaint.

Findings and judgment to be prepared by counsel for the defendant under Local Rule 7.

Costs to defendant.

## Comment

The action seeks to recover $31,250 alleged to have been paid for the years 1943 and 1944 as excess profit taxes. Timely claims for refund have been made and rejected.

The sole question before the court is whether the plaintiff suffered a loss of $31,250 or any loss by virtue of the transfer and sale by plaintiff to the Arena Realty Company on December 20, 1943, of certain business property located in the City of Pasadena, Los Angeles County. Internal Revenue Code, Secs. 111, 113(a), 26 U.S.C.A. §§ 111, 113(a).

The property had been purchased by the plaintiff from the Arena Realty Company in 1934, at a valuation of $50,000. The two corporations are family corporations with common directorate, controlled by the members of the same family. (See Finding II, as to manner in which stock was owned.) It was admitted at the trial by John S. Arena, the President of the plaintiff and the largest shareholder of both corporations, that at the time of the purchase of the property in 1934, a disinterested appraisal placed the value at $35,000.

Notwithstanding this, the plaintiff placed the value at $50,000 and credited the debt of the Arena Realty Company to it with that amount.

█ The contemporaneous appraisal made by a competent appraiser, employed for the purpose, is entitled to more credence than the company's own estimate of the value or the appraisals made since, which seek to determine a value sixteen years ago.

█ I am also of the view that as of December 30, 1943, the value of the property was substantially the same,—that is, $35,000. In the circumstances, no loss was suffered by the plaintiff.

█ It should be added that in view of the fact that the two corporations are owned by one family,—even if any actual discrepancy between the price of purchase and price of sale were shown, the plaintiff would not be entitled to an allowance because the sale was an internal affair which "lacked economic reality". See, Crown Cork International Corporation v. Commissioner, 3 Cir., 1945, 149 F.2d 968. (This opinion adopted the opinion in the same case by the Tax Court, 4 T.C. 19.) And see, Higgins v. Smith, 1940, 308 U.S. 473, 477–478, 60 S.Ct. 355, 84 L.Ed. 406; Regulations 111, sections 29.23(e)–1, f.–1, 26 Code of Federal Regulations, 1929 Ed., pp. 219, 222. Hence the ruling above made.

## Findings of Fact

### I

That this is an action for refund of internal revenue taxes.

### II

That in December, 1928, the plaintiff, A. Arena & Co., Ltd., was incorporated under the laws of the State of California, for the purpose of carrying on the business of marketing and shipping fruits and vegetables; that in the same month of 1928, The Arena Realty Company was incorporated under the laws of the State of California, for the purpose of purchasing and handling real estate. That in April, 1934, the shareholders of each corporation were as follows:

| Shareholder | Arena Realty Company | A. Arena & Co., Ltd. |
|---|---|---|
| John S. Arena | 495 Shares | 2252.8 Shares |
| V. M. Arena | 495 Shares | 1408. Shares |
| A. T. Arena | 495 Shares | 1126.4 Shares |
| Joseph F. Arena | 150 Shares | |
| L. G. Arena | 150 Shares | |
| A. Arena | 15 Shares | 844.8 Shares |
| | 1950 Shares | 5632.0 Shares |

In December, 1943, the shareholders of each of the corporations were as follows:

| Shareholder | Arena Realty Company | A. Arena & Co., Ltd. |
|---|---|---|
| John S. Arena | 45 Shares | 2472.24 Shares |
| V. M. Arena | 195 Shares | 1737.20 Shares |
| A. T. Arena | 35 Shares | 1253.36 Shares |
| L. G. Arena | | 258 Shares. |
| J. F. Arena | | 158 Shares |
| S. C. Arena | 75 Shares | 158 Shares |
| A. T. Arena, Trustee | 160 Shares | 200 Shares |
| Margaret Privett | 60 Shares | 60 Shares |
| Rose Marie Arena | 60 Shares | 60 Shares |
| Virginia Scott | 60 Shares | 60 Shares |
| Elizabeth Arena | 60 Shares | 60 Shares |
| | 750 Shares | 6476.80 Shares |

### III

That on April 20, 1934, The Arena Realty Company transferred certain property known as Lot 12, Thomas & Farris Subdivision, City of Pasadena, State of California, in partial satisfaction of certain indebtedness due plaintiff. That plaintiff gave The Arena Realty Company credit on the indebtedness owing from The Arena Realty Company to the plaintiff in the sum of $50,000 as consideration for the transfer of this property to plaintiff and thereupon placed the cost of this property to plaintiff on its books at the sum of $50,000.

### IV

That an independent appraisal of said property was made at the request of the taxpayer on April 10, 1943, and that such appraiser appraised the value of the said property at $35,000.

### V

That from 1935 to 1943 The Arena Realty Company did not engage in business of any kind.

### VI

That on December 20, 1943, the plaintiff transferred Lot 12, Thomas & Farris subdivision, to Arena Realty Company for a consideration of $18,000, consisting of cash in the amount of $3,000 and an unsecured note of $15,000. That plaintiff in its income tax return for the calendar year 1943 reported a loss upon said transfer in the sum of $31,250, which loss was disallowed by the Commissioner of Internal Revenue.

### VII

That the plaintiff and The Arena Realty Company had a majority of directors in common, the plaintiff had four directors, all brothers, and three of these four brothers were directors of The Arena Realty Company.

### VIII

That the fair market value of Lot 12, Thomas & Farris Subdivision, Pasadena, California, on April 24, 1934, was $35,000; that the fair market value of the same parcel on December 20, 1943, was $35,000.

### IX

That by virtue of a stipulation submitted by the parties prior to trial all other issues raised by the pleadings in this case were waived by the plaintiff in favor of defendant.

### Conclusions of Law

#### I

That the plaintiff did not suffer a loss upon transfer of said property to The Arena Realty Company on December 20, 1943.

#### II

That the plaintiff did not incur a loss by virtue of said real property transaction, as the sale lacked economic reality.

Now, Therefore It Is Hereby Ordered, Adjudged and Decreed that judgment be entered against plaintiff in favor of defendant with costs to defendant.